UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BIANCA DAWKINS,

                Plaintiff(s),

    -against-

THE CITY OF NEW YORK,
DAVID REIN, ERIK WEINGARTNER,
JOSEPH MORABITO, ZAHID QURESHI,
JOHN DOE NOS. 1-10, whose identities are unknown,
except to the extent that they are employees of the
CITY OF NEW YORK, and/or members or personnel
of the Police Department of the CITY OF NEW YORK,

                Defendant(s).

JURY TRIAL
DEMANDED

CASE No:

12-5692

COMPLAINT

---

    BIANCA DAWKINS, by her attorney, Aron S. Wolf, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

### THE PARTIES

    1.    At all times hereinafter mentioned, Plaintiff, BIANCA DAWKINS, was and still is a resident of the County of Queens, City and State of New York.

    2.    At all times relevant and material herein, the defendant CITY OF NEW YORK was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

    3.    At all times relevant and material herein, the defendant DAVID REIN was an employee of the Police Department of the City of New York.

    4.    At all times relevant and material herein, the defendant ERIK WEINGARTNER was an employee of the Police Department of the City of New York.

5. At all times relevant and material herein, the defendant JOSEPH MORABITO was an employee of the Police Department of the City of New York.

6. At all times relevant and material herein, the defendant ZAHID QURESHI was an employee of the Police Department of the City of New York.

7. At all times relevant and material herein, the defendants, JOHN DOE NOS. 1-10 were employees of the Police Department of the City of New York.

8. At all times relevant and material herein, the defendants, JOHN DOE NOS. 1-10, were personnel of the Police Department of the City of New York.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

10. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

11. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

12. At all times relevant and material herein, the defendant CITY OF NEW YORK operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

13. At all times relevant and material herein, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, were each employees of the Police Department of the City of New York.

14. At all times relevant and material herein, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, were personnel of the Police Department of the City of New York.

15. That at all times hereinafter mentioned and upon information and belief, the defendant CITY OF NEW YORK, employed and supervised the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10.

16. Upon information and belief, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, were graduates of the Police Academy of the City of New York.

17. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, to conform their conduct to a standard for the protection of individuals, such as the Plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as the Plaintiffs herein.

18. In addition, at all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at

the Command, Precinct and Patrol levels the defendant officers, DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, in the protections of the rights of the Plaintiffs under the Constitution and the Bill of Rights.

19. At all times hereinafter mentioned, upon information and belief, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, were acting in their capacities as employees, agents or servants of the defendant CITY OF NEW YORK.

20. At all times hereinafter mentioned, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, were acting under color of law.

21. At all times hereinafter mentioned, the defendants' acts constituted state action.

22. On or about October 28, 2010, the Plaintiff was on, and in front of, the premises located at 62-05 30th Avenue, in the County of Queens, City and State of New York.

23. Additionally, on or about October 28, 2010, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, were on duty and/or acting as employees, agents or servants of the defendant CITY OF NEW YORK, and were also present at the same time and in the same place as the Plaintiff, as aforesaid.

24. At approximately 3:00 A.M., on or about October 28, 2010, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10, detained the Plaintiff.

25. Additionally, the defendants intentionally held and restrained the Plaintiff without her consent.

26. The Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

27. The Plaintiff was, as a result of the foregoing, wrongfully confined and/or imprisoned for an excessive period of time.

28. The charges were subsequently dismissed or otherwise disposed of.

29. All of the defendants' acts described in the preceding paragraphs were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

30. By reason of the foregoing acts by the defendants, the Plaintiff was injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

31. By reason of the foregoing acts by the defendants, the Plaintiff was caused severe and intense emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

32. By reason of the foregoing, the Plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, the Plaintiff will necessarily incur similar expenses.

33. By reason of the foregoing, the Plaintiff suffered lost earnings and income and other benefits.

34. By reason of the foregoing, the Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, the Plaintiff will necessarily incur similar legal fees.

### PLAINTIFF, BIANCA DAWKINS', FIRST CLAIM FOR RELIEF
### (PURSUANT 42 U.S.C. §1983
### FOR DEFENDANTS' VIOLATION
### OF PLAINTIFF'S CIVIL RIGHTS)

35. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

36. The defendants' acts towards the Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause or belief that the Plaintiff committed any crime.

37. Such acts constituted a deprivation of the Plaintiff's Constitutional rights, liberties and freedoms under color of State law, under 42 U.S.C. §1983.

38. Said violation of the Plaintiff's, Constitutional rights caused her personal injury and damage, both physical and mental; and severe emotional distress and illness.

39. By reason of Defendants' violation of the Plaintiff, BIANCA DAWKINS's, Constitutional rights, the Plaintiff is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', SECOND CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C §1983
### FOR ASSAULT AND BATTERY
### UNDER COLOR OF STATE LAW)

40. The Plaintiff repeats and realigns each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

41. The defendants' assault and battery of the Plaintiff was excessive, unwarranted, unnecessary and violent and violated the Plaintiff's rights under the Constitution.

42. The said assault and battery caused the Plaintiff personal injury and damage, both physical and mental; and severe emotional distress and illness.

43. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', THIRD CLAIM FOR RELIEF
### (PURSUANT TO 42 U.S.C §1983
### FOR FALSE ARREST AND IMPRISONMENT
### UNDER COLOR OF STATE LAW)

44. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

45. The defendants arrested, detained and imprisoned the Plaintiff without warrant, even though they knew or should have known that she was wholly innocent of any crime then and there alleged against him, and thus violated the Plaintiff's Constitutional rights.

46. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', FOURTH CLAIM FOR RELIEF
### (COMMON LAW ASSAULT)

47. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

48. The defendants are liable for assault to the Plaintiff.

49. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', FIFTH CLAIM FOR RELIEF
### (COMMON LAW BATTERY)

50. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

51. The defendants are liable for battery to the Plaintiff.

52. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', SIXTH CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

53. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

54. The defendants are liable for false arrest and false imprisonment to the Plaintiff.

55. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', SEVENTH CLAIM FOR RELIEF
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

56. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

57. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning the Plaintiff was outrageous, shocking and exceeded all reasonable bounds of decency.

58. The defendants are liable for intentional infliction of emotional distress to the Plaintiff.

59. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', EIGHTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

60. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61. The defendants' conduct, in assaulting, battering and falsely arresting and imprisoning the Plaintiff was careless and negligent as to the emotional health of Plaintiff.

62. The defendants are liable for negligent infliction of emotional distress to the Plaintiff.

63. As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

### PLAINTIFF, BIANCA DAWKINS', NINTH CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

64. The Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65. The defendant CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning the Plaintiff.

66.  Additionally, the defendants DAVID REIN, ERIK WEINGARTNER, JOSEPH MORABITO, ZAHID QURESHI and JOHN DOE NOS. 1-10 were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

67.  As a result thereof, the Plaintiff, BIANCA DAWKINS, is entitled to judgment in the amount of $1,000,000.00.

**WHEREFORE**, the Plaintiff, BIANCA DAWKINS, demand judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount of $1,000,000.00; and

The Plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and

In the event the plaintiff is a prevailing party, attorneys fees; and

Interest, costs, and such other relief as to this Court shall seem just and proper.

## JURY TRIAL DEMANDED

The Plaintiff hereby demands a jury trial on all issues.

DATED:   Brooklyn, New York
         November 13, 2012

Yours, etc.,

/s/ _____
ARON S. WOLF, ESQ.
Attorney for Plaintiff(s)
BIANCA DAWKINS
3854 Flatlands Avenue
Brooklyn, New York 11234
718-253-0109

Comp

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF KINGS      )

I, BIANCA DAWKINS, being duly sworn, say(s): I am the Plaintiff in the action herein; I have read the annexed COMPLAINT, and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based on information contained in the file.

_____
BIANCA DAWKINS

sworn to before me this
12th day of November, 2012

ARON WOLF
Notary Public, State of New York
No. 24-5000301
Qualified in Kings County
Commission Expires August 10, 20__